UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| IGNACIO JACUINDE | ) | CASE NO. 12-33524 |
| CLAUDIA RAMIREZ | ) | CHAPTER 7 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |

## UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DISMISSING THIS CASE PURSUANT TO 11 U.S.C. §521(i)(1) and (2)

COMES NOW Nancy J. Gargula, United States Trustee, by counsel, Alexander L. Edgar, Assistant U.S. Trustee, pursuant to 28 U.S.C. §586(a)(3)(D) and (G) and moves this Court to enter an Order dismissing this case pursuant to 11 U.S.C. §521(i)(1) and (2). In support hereof, the United States Trustee states:

1. The Debtors filed their voluntary Chapter 7 petition on October 5, 2012.

2. The Debtors failed to file their Schedule J and their Statement of Financial Affairs ("SOFA") within 14 days of filing their petition, as required by 11 U.S.C. §521(a)(1) and Rule 1007(b)(1) and (c) of the Federal Rules of Bankruptcy Procedure ("FRBP"), and still have not filed these documents with the Court.

3. On December 11, 2012, a representative of the U.S. Trustee's Office ("UST") left a message for Debtor's counsel regarding the missing documents. On December 12, 2012, Debtor's counsel returned the call and said that they would be filed.

4. Such failure to file the documents required by 11 U.S.C. §521(a)(1) and FRBP Rule 1007(b)(1) and (c) is cause for dismissal under 11 U.S.C. §707(a)(3).

5. FRBP 1007(f), provides that an individual shall submit a verified statement that sets out the debtor's social security number, or states that the debtor does not have a social security number. Rule 1007(f) also provides that the Statement of Social Security Number shall be submitted with the petition.

6. On December 11, 2012, a representative of the UST called the Bankruptcy Clerk's Office to inquiry if the Social Security Statement had been properly filled out. The UST was told that it was submitted without any Social Security Numbers listed, nor were there any statements indicating that the Debtors' did not have Social Security Numbers. To date, no Amended Social Security Statement has been submitted to the Court.

7. On December 11, 2012, Trustee Gary D. Boyn sent a letter to Debtor's counsel regarding Ms. Ramirez's failure to provide Social Security Number verification at the §341 meeting. Trustee Boyn asked that verification be provided to him of her Social Security Number or if she did not have a Social Security Number, that an Individual Tax Identification Number provided by the IRS for people not eligible for Social Security Numbers be provided. To date, Trustee Boyn has not received any of these requested documents.

8. During Debtor's §341 meeting, it was determined that the Debtors have moved since the filing of their petition. To date, no Notice of Change of Address has been filed with the Court to provide their new address to the UST, Case Trustee, Creditors, and the Court.

9. This case was filed on October 5, 2012; the 45th day after the petition date was November 19, 2012; and the 46th day after the date of filing of the petition was November 20, 2012.

10. Because the Debtors have failed to comply with filing requirements of 11 U.S.C. §521(a)(1) and FRBP Rule 1007(b)(1) and (c), by not timely filing a SOFA and Schedule J, this

case was automatically dismissed on the 46th day after the date of filing of the petition, i.e. November 20, 2012, by operation of law, pursuant to 11 U.S.C. §521(i)(1).

11. The information which is required to be disclosed in the missing Schedule J, SOFA, and improperly submitted Social Security Statement, does not otherwise appear in the case documents filed by the Debtors.

12. The Debtors have not sought an extension of time to file the required §521(a)(1) documents under §521(i)(3) and Trustee Boyn has not filed a motion asking the Court to decline to dismiss this case pursuant to 11U.S.C. §521(i)(4).

13. The affidavit required by N.D. Ind. L.B.R. 6-1017-1(c), (accompanying the Motion for an Order Dismissing the Case pursuant to §521(i)(1) and (2)), is filed herewith.

14. The United States Trustee respectfully requests that the Court enter an Order of dismissal, effective as of November 20, 2012, pursuant to 11 U.S.C. §521(i)(1) and (2), and N.D. Ind. L.B.R. B-1017-1.

**WHEREFORE**, the United States Trustee respectfully requests an Order of dismissal be entered pursuant to 11 U.S.C. §521(i)(1) and (2) and N.D. Ind. L.B.R. B-1017-1, effective as of November 20, 2012, and for all other proper relief.

    Respectfully submitted,

    NANCY J. GARGULA
    United States Trustee

By:   /s/Alexander L. Edgar
    Alexander L. Edgar
    Assistant U.S. Trustee

Office of the U.S. Trustee
555 One Michiana Square
100 E. Wayne Street
South Bend, IN 46601
(574)236-8105

## CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing was sent electronically via the Bankruptcy Clerk's ECF System or has been made by placing a copy thereof in the United States Mail, first class, postage prepaid, this 10th day of January, 2013, addressed to the following:

| | |
|---|---|
| Autumn Halaschak, Esq.<br>717 Indiana Avenue<br>LaPorte, IN 46350 | Gary D. Boyn, Trustee<br>121 W. Franklin Street, Suite 400<br>Elkhart, IN 46516 |
| Mr. Ignacio Jacuinde<br>501 ½ Virginia Avenue, Apt. #3<br>LaPorte, IN 46350 | Mr. Ignacio Jacuinde<br>407 Cox<br>LaPorte, IN 46350 |
| Ms. Claudia Ramirez<br>501 ½ Virginia Avenue, Apt. #3<br>LaPorte, IN 46350 | Ms. Claudia Ramirez<br>407 Cox<br>LaPorte, IN 46350 |

                                                    */s/ Stephanie R. Achterberg*
                                                   Stephanie R. Achterberg
                                                   Legal Assistant
                                                   Office of the U.S. Trustee